ℱℭ



IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO
STATE OF MICHIGAN 9TH JUDICIAL CIRCUIT FAMILY DIVISION

FEB 09 2026 JXM

[Name Unknown],
Petitioner,

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

v. Case No. 20258947PH

**1:26-cv-01453**
**Judge Sara L. Ellis**
**Magistrate Maria Valdez**
**RANDOM/Cat. 2**

KENNETH WILLIAM MAYLE,
Respondent.

Hon. [Judges Name]
330 Eleanor St
Kalamazoo, MI 49007

RESPONDENTS SPECIAL APPEARANCE AND
MOTION TO QUASH SUMMONS FOR LACK OF SERVICE AND PERSONAL JURISDICTION

Respondent, Kenneth William Mayle (Respondent), appearing specially
and not generally, moves this Court to quash the purported summons and
any attempted service and to dismiss this action for lack of personal
jurisdiction because Respondent has never been lawfully served at his
Illinois residence. Respondent does not waive any other defenses and
does not admit any allegations in the petition.

I. LIMITED SPECIAL APPEARANCE AND UNKNOWN PETITIONER

1. Respondent appears solely to contest personal jurisdiction and
sufficiency of service of process and expressly reserves all other
defenses, objections, and rights.
2. Respondent has not been lawfully served and has not reviewed the
petition on the merits; Respondents knowledge is limited to the
existence of this case number and that a personal protection
petition was filed, which he learned through his own inquiry and not
through valid service. This motion is made solely to contest
jurisdiction and service, without any substantive review or response
to the petition itself.
3. Respondent does not know the petitioners name; the caption
reference to [Name Unknown] is used only as a placeholder to
identify this case by its number and does not reflect any concession
that Respondent has been properly served or that the petition is
substantively valid.

II. FACTUAL BACKGROUND NO SERVICE IN ILLINOIS

4. Respondent is and was at all relevant times a resident of the State
of Illinois, residing at:

a. Kenneth William Mayle
b. 1034 N. Karlov Ave
c. Chicago, IL 60651
d. 2486357455
e. ken.mayle@gmail.com

5. A summons and petition for a personal protection order (PPO) were

issued in this matter in Kalamazoo County, Michigan, with purported
service to occur at Respondents Illinois address.

6. At the time of the attempted service, Respondent was the only person
residing at that Illinois address who was legally above the age
of 13. No other adult or teenage occupants lived at that residence
who could lawfully accept substituted or abode service there.

7. No sheriff, process server, or other person ever personally handed
Respondent any summons, petition, PPO, or related court documents at
the Illinois address or elsewhere. No one ever knocked, called, or
otherwise made contact with Respondent at the Illinois residence to
attempt personal service.

8. Respondent has never signed any certified or registered mail receipt
for any Michigan court papers in this matter and has not authorized
any person to accept such mail on his behalf.

9. Respondent first became aware of the existence of this case through
his own independent inquiry (including locating the case number),
not through lawful service of process.

III. SERVICE ATTEMPTED IN ILLINOIS NO CONTACT, NO VALID SERVICE

10. Any attempt to serve an individual at an Illinois residence must
comply with Illinois service law, including 735 ILCS 5/2203
governing personal and abode service on individuals.

11. Under 735 ILCS 5/2203(a):

a. Personal service requires leaving a copy of the summons with the
defendant personally; and
b. Abode service requires leaving the summons at the defendants
usual place of abode with a family member or other person residing
there who is at least 13 years old, followed by mailing a copy to
that address; Illinois courts require strict compliance with these
requirements.

12. Because Respondent was the sole lawful occupant over age 13 at the
Illinois address and no contact was ever made with Respondent, no
personal service and no lawful abode service occurred at that
address under 735 ILCS 5/2203(a).

13. Simply sending or leaving papers at an Illinois address, without
personal delivery to Respondent and without leaving the papers with
a qualified cooccupant plus mailing, does not constitute valid
service on an Illinois resident and is insufficient to effectuate
service under Illinois practice.

IV. NO JURISDICTION WITHOUT VALID SERVICE

14. Personal jurisdiction over a defendant depends on valid service of
process; defective or nonexistent service deprives the court of
personal jurisdiction regardless of the petitions contents.
15. Because Respondent has never been served in a manner recognized by

Illinois law as valid service on an individual at his usual place of abode, he is not properly before this Court, and any orders directed at him personally are jurisdictionally defective.

16. Accordingly, any summons or PPO directed at Respondent must be quashed for lack of valid service and lack of personal jurisdiction.

## V. RELIEF REQUESTED

WHEREFORE, Respondent, appearing specially and without waiving any other defenses, respectfully requests that this Court:

17. Find that Respondent has not been lawfully served with the summons, petition, or any PPO documents in this matter.

18. Quash the summons and any purported service directed at Respondent for lack of valid service and lack of personal jurisdiction.

19. Dismiss the petition as to Respondent for lack of personal jurisdiction due to absence of service, or, in the alternative, stay all proceedings against Respondent unless and until lawful service is effected at his Illinois residence in full compliance with Illinois service requirements.

20. Note that Respondent has not been validly served and has not reviewed or responded to the petition on the merits, and that Respondent expressly reserves all rights, including the right to later challenge any frivolous or abusive filing, if and when proper service is made and he elects to review the petitions contents.

21. Grant such other and further relief as the Court deems just and appropriate.

22. Request Zoom info to any future hearings or the like (remote attendance).

Respectfully submitted,

Kenneth William Mayle
1034 N. Karlov Ave
Chicago, IL 60651
2486357455
ken.mayle@gmail.com

Dated: December 22, 2025